LEIGHNER, APPELLEE, *v.* LEIGHNER, APPELLANT.

(No. 85AP-732—Decided June 24, 1986.)

*Jeffrey A. Grossman,* for appellee Barbara R. Leighner.

*George W. Gross,* for appellant William H. Leighner.

NORRIS, J. In his appeal from an order of the trial court overruling his motion for an order terminating the requirement that he pay sustenance alimony of $1,500 per month to plaintiff, defendant raises two assignments of error:

"I.  The court erred in refusing to terminate alimony on the basis of changed circumstances.

"II.  The court erred in refusing to follow the law as it pertains to an alimony recepient's [*sic*] responsibility to secure remunerative employment commensurate with their [*sic*] skills and abilities."

Because the assignments of error are interrelated, we will combine them for purposes of discussion. Defendant's argument centers around this language in the divorce decree:

"It is Agreed and therefore ORDERED, ADJUDGED and DE-CREED that defendant shall pay to the plaintiff as and for alimony, the sum of One Thousand Five Hundred Dollars ($1,500.00) per month, payable until the plaintiff's death or remarriage. Defendant retains the right to request a modification of this Order or a review in approximately two (2) years. Plaintiff shall act in good faith and best efforts to improve her financial position, including requests for full or part time employment. Any basis for modification shall be subject to the law that exists at that time."

Where modification of an existing order for the payment of sustenance alimony is requested, the threshold determination is whether the order *can* be modified, which requires a finding of a change in circumstances since the order was entered. The change in circumstances must be substantial and must be such as was not contemplated at the time of the prior order. Only if this necessary prerequisite has been satisfied may the trial court move on to a consideration of whether or not the existing order *should* be modified. This latter inquiry involves a re-examination of the existing order in the light of the changed circumstances, and requires a two-step determination: First, is sustenance alimony still necessary? And, if so, what amount is reasonable? In addressing the question of whether the existing order should be modified, the trial court's discretion is guided and limited by the consideration of all relevant factors, including those listed in R.C. 3105.18(B). *Bingham* v. *Bingham* (1983), 9 Ohio App. 3d 191, 9 OBR 302, 459 N.E. 2d 231. See, also, *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, at 219, 5 OBR 481, at 482, 450 N.E. 2d 1140, at 1142.

It should be pointed out that, in sustenance alimony modification proceedings, the relevant factors must be

considered in the context of the reality that the marriage relationship no longer exists. In child support modification matters, the trial court casts its glance to the time subsequent to the divorce, in the sense that the children are entitled to support adequate to supply the standard of living they would have enjoyed had the marriage continued. *Bright* v. *Collins* (1982), 2 Ohio App. 3d 421, at 424, 2 OBR 514, at 517, 442 N.E. 2d 822, at 827. By contrast, in sustenance alimony modification proceedings, the trial court's view is more retrospective and tends to focus upon the standard of living established during the marriage. Thus, ordinarily, the alimony recipient will not be entitled to share in the increased earnings of the alimony obligor, except to the extent that these increased earnings now enable the obligor to pay a share which will support a reasonable pre-divorce standard of living for the alimony recipient. The other factors listed in R.C. 3105.13, then, will normally be relevant as they bear on that consideration.

In this case, the trial court concluded that defendant failed to establish that a substantial change in the circumstances of the parties had occurred since the sustenance alimony order was entered. Although one might argue that plaintiff's increased income of approximately $6,400 per year was a substantial change in circumstances which would warrant an examination of whether plaintiff was now providing, or able to provide, a greater share of her pre-divorce standard of living, our standard of review is abuse of discretion and, under the evidence adduced, we are unable to say that the trial court abused its discretion in finding a failure of proof on this issue.

Defendant essentially contends that, in adopting the language of the sustenance alimony order concerning a request for modification or review after two years, the trial court obviated any need to establish a change in circumstances. We cannot read the trial court's order as such an unequivocal reservation; instead, it appears to recite an acknowledgment by the parties that defendant would request a modification in two years, and that, upon such a request, plaintiff would be precluded from arguing that an inadequate amount of time had transpired to warrant a review. The trial court did not, by adopting that language in its decree, bind itself to an automatic review of the continuing reasonableness of the sustenance alimony order, in the absence of a demonstration of a substantial change in circumstances.

We also note that, while it did not formally consider whether the order should be modified, the trial court did review the evidence which went to the merits of continuing reasonableness of the order. Having reviewed the transcript and exhibits, it is apparent to us that the trial court's view of the evidence was reasonable — that plaintiff had acquired earnings since the divorce; that she had made efforts to find other employment but that "considering her age, length of time out of the work force, her lack of experience and her need for training, it would be difficult for her to find a job"; that she had been required to deplete assets to pay taxes and living expenses; that this depletion in assets resulted in a corresponding decrease in dividend income; that she had established her current living expenses; and that she still needed sustenance alimony.

Defendant points to the language of the order that "[p]laintiff shall act in good faith and best efforts to improve her financial position, including requests for full or part time employment," and characterizes it as a court-imposed requirement that plaintiff

would act in good faith and utilize her best efforts to become self-supporting, or sustenance alimony would be terminated.

We observe two problems with this contention. First, the trial court noted that plaintiff had improved her financial position since the divorce and that she had made an effort to improve her position even further, but had been precluded from doing so by lack of experience and training. Second, at most, the language tends to exemplify the standards to be used by the trial court in considering the relative earning abilities of the parties. R.C. 3105.18(B)(1). Those standards are not remarkably different from those we noted in *Haninger* v. *Haninger* (1982), 8 Ohio App. 3d 286, 8 OBR 380, 456 N.E. 2d 1228, since plaintiff is to be held to her capacity to earn, as opposed to her actual earnings.

We must assume that the trial court, in its initial order, ascertained plaintiff's need for support and the pre-divorce standard of living to which she was entitled, concluded that a combination of earning ability and other income of the parties was adequate to supply the money required, and assigned to defendant a share of the amount required, with a view to plaintiff's ability to provide all, or part of, the balance through earning ability and investment income. At the modification hearing, the trial court noted that the need still remained, that plaintiff had increased her earnings but had suffered a loss in investment income, and that in balance there was no justification for reducing defendant's share of the amount required. There was no evidence before the trial court that plaintiff did, in fact, have the ability to earn more. Had there been persuasive evidence of that nature, she would have been charged with that "ability" and, therefore, would have been faced with the alternatives of retaining her present employment and making up the shortfall from other sources, such as increased investment income, of decreasing her standard of living, or of taking a job commensurate with her earning ability. The trial court would have been warranted in reducing defendant's share only in the event that proof established that plaintiff's earning ability and other sources of income would count for a large enough share of the amount ascertained by the court to satisfy her need for support in the context of her pre-divorce standard of living, as to warrant a reduction.

Accordingly, even had the trial court reached the merits of defendant's motion, we would be unable to say it abused its discretion had it retained the sustenance alimony order.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCormac and Cole, JJ., concur.

Cole, J. of the Third Appellate District, sitting by assignment in the Tenth Appellate District.