OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Ralph Scott McClure, appeals a decision of the Lake County Court of Common Pleas, Domestic Relations Division, denying his motion to reduce or eliminate spousal support. The following facts are relevant to a determination of this appeal.
Appellant's eighteen-year marriage to appellee, Barbara Jean McClure, was terminated on March 14, 1990, by way of dissolution. The parties had three children born as issue of their marriage. Appellee was named residential parent for the two older children and appellant was named residential parent for the youngest, Laura Lee. The decree ordered appellant to pay $800 per month in spousal support for six years, at which time the sum would be reduced to $750 per month until appellee died, remarried, or cohabited in a status equivalent to marriage.
At the time of the divorce, appellant had established his own business, Micro Programs Associates. He did not receive a salary, but he did earn monthly dividends and interest. His 1990 income tax return showed an income of $11,487 in 1990. Appellee, on the other hand, had been diagnosed as potentially having multiple sclerosis, and was employed as a part-time cafeteria worker earning $4,800 per year.
Appellee was awarded the marital residence in Concord Township, and appellant was ordered to pay the unpaid balance on the mortgage, which was approximately $57,000. Appellant was given the parties' condominium in Chardon, and an empty lot the parties owned in Concord.
On June 4, 1993, appellant filed a motion to modify spousal support. The trial court, however, found that there was not a sufficient change in circumstances that would warrant a modification of spousal support. Another motion to modify was filed by appellant in 1995, but that motion was also denied.
Subsequently, in March 1997, the only child who was not emancipated, Laura Lee, was placed in the custody of the paternal grandmother, appellant's mother, Dorothy Rose McClure, by consent of appellant. Interestingly, appellant was living with his mother at that time so appellant and Laura Lee were still together.
On June 13, 1997, appellant filed another motion to modify or terminate spousal support. He amended it on January 5, 1998, and, again, on February 26, 1998. Appellant alleged again that a substantial change in circumstances had occurred warranting a change in support. The matter proceeded to a hearing before a magistrate on May 18, 1998. The magistrate filed his decision on July 15, 1998, to which appellant timely filed objections. Appellant's objections were sustained in part, and overruled in part, and the matter was remanded to the magistrate for new findings of facts and conclusions of law. On December 8, 1998, the magistrate's new findings of fact and conclusions of law were filed. Appellant filed timely objections which were overruled by the trial court on January 25, 1999.
Appellant timely filed a notice of appeal and has now set forth four assignments of error. In the first assignment of error, appellant contends that the trial court erred by overruling his objections when he had established a substantial, involuntary change in circumstances which warranted a reduction or elimination of spousal support. It is appellant's contention that his financial condition has involuntarily deteriorated and substantially changed since the original order imposing the spousal support obligation.
R.C. 3105.18(E) provides that an award of spousal support may be modified if the court determines that the circumstances of either party have changed. The change in circumstances must not have been contemplated at the time of the previous order. Leighner v. Leighner (1986), 33 Ohio App.3d 214,215. A change in circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses or medical expenses. R.C.3105.18(F). Once it has been determined that a change in circumstances has occurred, the trial court must determine whether spousal support is still necessary and, if so, in what amount.Leighner, at 215. In determining whether the existing order should be modified, the trial court should be guided by all relevant factors, including those set forth in R.C. 3105.18(C).
An order regarding a modification of support will not be reversed on appeal absent an abuse of discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144; Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. An abuse of discretion has been defined as an attitude that is unreasonable, arbitrary or unconscionable. AAAAEnterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
In the present case, the trial court found that, while there had been a change in circumstances for appellee in that she was now unemployed whereas she previously worked on a part-time basis, there had not been a change in circumstances as to appellant. After a thorough review of the record before us, we must agree with the trial court's decision.
Pursuant to appellant's federal income tax returns, in 1990, appellant's income was $11,487. In 1991, he suffered a loss of $68,651. Then in years 1992 through 1996, appellant's income was $13,150, $15,064, $34,805, $9,887, and $13,844 respectively. Thus, it is clear that appellant's income has fluctuated through the years, but it has not dropped from 1990 to 1996 the last year available to the trial court in determining whether a change in circumstances had occurred. Additionally, as the trial court pointed out, the disparity in incomes between appellant and appellee has actually increased over the years due to appellee's health problems and resulting lack of income. Nonetheless, since appellant has failed to demonstrate a change in circumstances that would necessitate a reduction or termination in spousal support, the trial court did not err in denying appellant's motion. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by not eliminating or reducing his spousal support obligation to the extent of his arrearages. Specifically, appellant alleges that his wages are currently being garnished to state and federal law limits and yet it is not enough to meet his full spousal support payment. Thus, he contends that his spousal support payment should be lowered so as to avoid an automatic monthly arrearage.
Appellant's argument overlooks some critical facts. While his current annual income working at Sear's Hardware is limited, appellant is solely responsible for his current income. To begin with, the evidence indicates that appellant owns a residence which is currently being occupied by his girlfriend and her children, rent-free. That is lost income to appellant. The evidence also indicates that appellant quit a higher paying job at DIY to take a comparable position at Sear's Hardware. This is further lost income. In the parties' divorce, appellee received the marital residence, but appellant was given the parties' condominium. Appellant subsequently sold the condominium but does not recall what he did with the proceeds. Additionally, appellant arranged for his mother to get custody of his daughter. Part of the monies being garnished are going to his mother for the support of his daughter. Yet, appellant resides with his mother and his daughter.
Considering the totality of the circumstances, we must conclude that appellant must take responsibility for his inability to make his full spousal support payments. Thus, the trial court did not err by refusing to reduce his monthly obligation to the extent of his arrearages. Appellant's second assignment of error is without merit.
In the third assignment of error, appellant submits that the trial court erred by not imputing income to appellee when appellee is capable of working forty hours per week. While this court does not dispute that the imputation of income is appropriate in certain situations, this case does not present one of those situations. Appellee has multiple sclerosis resulting in her occasional loss of control over her bladder and bowel movements, and no control over her nervous system. She also gets nauseous on frequent occasions and easily gets fatigued.
Appellee lost her employment in December 1997, and has applied for numerous jobs since that time. She managed to secure three different jobs but lost them all within a matter of days or weeks. While she is only fifty-three years old, it is apparent that her medical problems have negatively impacted her employment opportunities. Under the circumstances, it was not error for the trial court to not impute income to appellee. Appellant's third assignment of error is without merit.
In the fourth assignment of error, appellant maintains that the trial court erred by not reducing spousal support when it exceeded the maximum amount permitted by state and federal law. This assignment of error is very similar to appellant's second assignment of error, which has already been rejected. Once again, while the spousal support award exceeds that which is garnishable from appellant's wages, his wages do not tell the whole story. Appellant has voluntarily chosen to lower his wages and forego potential income. He will not be rewarded for those choices. Appellant's fourth assignment of error is also without merit.
The judgment of the trial court is hereby affirmed.
 __________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.