[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
Plaintiff Charles F. Barth appeals from the judgment of the domestic relations court which modified his monthly spousal support obligation. For the reasons set forth below, we affirm.
On October 13, 1994, the parties were divorced. In relevant part, the judgment entry of divorce provided:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall pay to Defendant the sum of $3,570.00 * * * . This provision shall be modifiable by Plaintiff or Defendant through the Cuyahoga Support Enforcement Agency until either party's death or the Defendant's remarriage, whichever event shall first occur [if]:
 1. The Plaintiff retires for primarily medical or health related reasons;
 2. The Plaintiff is terminated from his employment for reasons beyond his control;
3. The Defendant attains the age of 65 years * * * .
On July 26, 1995, the parties entered into an agreed judgment entry which provided in relevant part as follows:
 Spousal support is to be modified, due to plaintiff's loss of employment with Jet-Die/Barnes, for reasons beyond his control, to Two Thousand Dollars ($2,000.00) per month commencing August 1, 1995, payable in advance and continuing until (A) Plaintiff becomes re-employed or (B) defendant attains the age of sixty-five (65) years, whichever event shall first occur. Upon plaintiff's becoming re-employed, spousal support shall be subject to further modification. Defendant may request modification of spousal support in the event that she becomes unemployable for medical reasons.
This amount was subsequently modified to $2,500 and plaintiff appealed to this Court. This Court affirmed and noted (1) that the parties' agreed judgment entry contained a stipulation that [u]pon plaintiff's becoming re-employed, spousal support shall be subject to further modification. This Court also found that plaintiff had overstated and duplicated his stated expenses. See Barth v. Barth (July 30, 1998), Cuyahoga App. No. 73146, unreported.
As is relevant to this matter, plaintiff filed a motion to modify the spousal support award on September 22, 1997. He averred that he had been discharged from employment and no longer had employment income. On December 30, 1997, defendant filed a motion to increase the spousal support award in which she asserted that plaintiff had obtained new employment and was earning more than he had earned when the existing support award was determined.
All motions were subsequently consolidated for hearing before a magistrate. The magistrate determined that defendant had incurred additional expenses which justified a change in circumstancesand recommended modification of the support order to require plaintiff to pay $3,000 per month. The trial court adopted this recommendation.[1]
Plaintiff now appeals and assigns four errors for our review, which we shall address out of their designated order.
Plaintiff's fourth assignment of error states:
 THE TRIAL COURT ERRED IN MODIFYING THE PROVISIONS OF THE PRIOR ORDER OF THE COURT IN REGARD TO MODIFICATION OF SPOUSAL SUPPORT IN THAT THE TRIAL COURT DID NOT HAVE JURISDICTION TO MAKE THOSE MODIFICATIONS.
Within this assignment of error, plaintiff contends that the trial court was without jurisdiction to modify the spousal support award in this instance.
R.C. 3105.18 provides:
 "(E) * * * [I]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless * * *
 "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support.
" * * *
 "(F) For purposes of divisions (D) and (E) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses."
See, also, Bowen v. Bowen (1999), 132 Ohio App.3d 616. Thus, in order for modification to occur, there must be both a reservation of jurisdiction and a change in at least one of the party's circumstances.
With regard to plaintiff's claim herein that there has been no reservation of jurisdiction, we note that this Court, in affirming the prior modification of the support order sought by defendant, noted that the parties' agreed entry provided that [u]pon plaintiff's becoming re-employed, spousal support shall be subject to further modification. This Court therefore clearly determined that there was a reservation of jurisdiction for modification and this is the law of the case which likewise governs in this instance. Nolan v. Nolan (1984), 11 Ohio St.3d 1,3.
The first assignment of error is without merit.
Plaintiff's first and second assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN INCREASING SPOUSAL SUPPORT FROM $2,500 PER MONTH TO $3,000 PER MONTH RETROACTIVE TO DECEMBER 30, 1997 IN THAT SAID INCREASE IN SPOUSAL SUPPORT WAS NOT SUPPORTED BY A SUBSTANTIAL CHANGE IN CIRCUMSTANCES OF EITHER THE PLAINTIFF OR THE DEFENDANT WHICH WOULD ALLOW THE COURT TO INCREASE SPOUSAL SUPPORT FROM $2,500 PER MONTH TO $3,000 PER MONTH.
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO UTILIZE THE PROPER STANDARD FOR THE MODIFICATION OF SPOUSAL SUPPORT THAT BEING A SUBSTANTIAL CHANGE OF CIRCUMSTANCES NOT CONTEMPLATED AT THE TIME OF THE PREVIOUS ORDER AS REQUIRED BY OHIO CASE LAW.
Plaintiff next asserts that the trial court abused its discretion in modifying the spousal support award.
In order for a sustenance alimony award to be modified, the trial court must find that there has been a substantial change in circumstances and that it was not contemplated at the time of the prior order. Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. If such a change in circumstances has occurred, the court may then consider whether the award should be modified, i.e., whether the award is still necessary and, if so, the amount of such award. Id. In completing this inquiry, the court is to consider all of the relevant factors, including those listed in R.C. 3105.18. Id. R.C. 3105.18 lists the following factors:
"(a) The income of the parties * * *;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable." Finally, the determination that there has been a change in circumstances that, ultimately, warrants modification or termination will not be reversed absent an abuse of discretion. Bowen v. Bowen, supra; Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735.
In this instance, the court determined that plaintiff was now self-employed as a consultant and had an increase in his gross earnings over the amount of earnings for 1996 and 1997.[2] The court also determined that not all of plaintiff's claimed expenses were ordinary and necessary business expenses which adjust his gross income[3] and that other claimed expenses were weakened by omissions and inaccuracies. The court further determined that defendant had been terminated from her COBRA coverage, leaving her uninsured and ineligible for Medicare. After reviewing the record, we are unprepared to conclude that the trial court abused its discretion in determining that a substantial change of circumstances occurred and in deriving its modified award.
Plaintiff did not produce the invoices by which he bills his clients and admitted that other deposits into the account of his business were not reflected within his income. He also testified that he withdrew money from his TRW stock in order to pay defendant spousal support but his checking account at this time indicated that he had almost $20,000. Plaintiff also admitted that subsequent to the trial court's previous modification of the support order, he received a bonus from his previous employer and that he inadvertently overstated his salary at his previous employment, in contrast to his present earnings.
Defendant testified that she earns $10 per hour doing part time bookkeeping and this is an increase of $4 per hour from 1997. She further testified that she works as much as her physical condition and age permit, but she has looked for additional employment. In addition, she lost her health insurance in October 1997 and is unable to obtain new insurance because a medication which she has taken is considered a cancer treatment. Since that time, she has been hospitalized twice and incurred the expenses for those hospitalizations. In addition, she continues to suffer from the condition which lead to these hospitalizations.
In accordance with the foregoing, the trial court did not err in determining that a substantial change of circumstances occurred in deriving its modified award.
The first and second assignments of error are without merit.
Plaintiff's third assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT UTILIZING INCOME AVERAGING BETWEEN APPELLANT AND APPELLEE, RETIREMENT AGE PARTIES, IN DETERMINING AN APPROPRIATE SPOUSAL SUPPORT ORDER.
Plaintiff next insists that the trial court should have utilized income averaging in deriving its spousal support award. He insists that his income after taxes ($38,795) and wife's income after taxes ($9,990) should be averaged, and he should then pay wife $1,203.97 to equalize earnings.
Plaintiff has provided us with no authority to demonstrate that this procedure is acceptable for deriving spousal support awards. Moreover, R.C. 3105.18(C) provides that in determining the amount, terms and duration of spousal support the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties[.] The statute therefore clearly demonstrates that it is the actual income which must be considered, not any average or means of the income of the two parties. This claim is without merit.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Domestic Relations Division to carry this judgment into execution.
 _________________________ ANN DYKE
LEO M. SPELLACY, J., AND PATRICIA A. BLACKMON, J., CONCUR.
[1] The trial court modified the referee's report by imposing two additional orders which are not relevant to this appeal.
[2] Plaintiff admitted that his gross income was substantially more than it had been at his previous employment.
[3] For example, plaintiff calculated a sales expense of $5,250 in connection with the time that he spent preparing proposals for new business but this amount was not paid out to anyone.