DECISION
This is an appeal by defendant, Jane C. Birath (Wilson) from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling objections to a magistrate's decision and adopting the magistrate's order that plaintiff's obligation to pay spousal support to defendant be terminated.
On September 27, 1985, plaintiff, John F. Birath, filed a complaint for divorce against defendant, Jane C. Birath. Defendant filed a "counterclaim for divorce" on October 9, 1985.
On March 6, 1986, the trial court filed a judgment entry ordering the termination of the parties' marriage. By judgment filed January 21, 1987, the trial court ordered plaintiff to pay defendant the sum of $1,150 per month as sustenance alimony and retained jurisdiction to modify the order. The entry further provided that such alimony "shall be terminated upon the death of either party or the remarriage of the Defendant."
On June 12, 1998, plaintiff filed a motion to modify spousal support. Plaintiff argued that there had been a substantial change in circumstances since the time the alimony/spousal support award had been made. On September 14, 1998, defendant filed a motion for modification of alimony/spousal support, requesting the court to increase spousal support.
On October 13, 1999, the matter came for hearing before a magistrate of the trial court. The magistrate made the following findings of fact following presentation of the evidence at the hearing. The parties were married in 1966, and they were divorced on March 6, 1986. There were three children born as issue of the marriage, and two of the children were minors at the time of the divorce.
As part of the divorce, plaintiff was ordered to pay child support of $400 per month, per child, for the minor children. Plaintiff was also ordered to pay defendant alimony (spousal support) in the amount of $1,150.00 per month, terminable upon the death of either party or defendant's remarriage. The trial court retained jurisdiction to modify the spousal support award.
The parties appealed on various grounds the decision of the trial court. The award of spousal support was termed to be reasonable, although "minimal," and affirmed. However, the matter was remanded to the trial court on the issues of child support, attorney fees and the disposition of certain tax shelters.
Plaintiff is a partner in a law firm, and at the time of divorce he earned approximately $114,000 per year. In 1997, he earned approximately $212,000, and his current wife earned approximately $47,544. Plaintiff indicated at the hearing that he anticipated earning approximately $247,000 in 1998, and that his wife would earn approximately $50,000.
Plaintiff was awarded certain assets and liabilities in the divorce, and he currently has IRA's totaling approximately $33,000, and his Keogh account is currently valued at approximately $1 million.
At the time of the divorce, defendant was employed as a schoolteacher earning $17,316 per year. Defendant was awarded the marital home, subject to the first and second mortgages, and various other assets. Defendant was fifty-three years of age at the time of the hearing, and she takes medication for depression but has no other significant problems.
Following the divorce, defendant continued to work as a teacher, but only on a part-time basis. Defendant later left her job and attended law school for one year, living on her savings. She subsequently began attending nursing school on a part-time basis. In 1993, she attended nursing school on a full-time basis, obtaining her nursing license in 1995. Defendant was last employed in teaching in 1991 or 1992, and her teaching certificate has expired.
Defendant then began working at Children's Hospital. Defendant earned up to $16.60 per hour, until her position was terminated in December 1998, although she continued to work for the hospital on a call-in basis. In May of 1999, defendant began her current position as a triage nurse with Mid-Ohio Pediatrics. At the time of the hearing, defendant earned $14.25 per hour, plus an average of four hours per week in overtime at 1.5 times her normal rate of pay, calculating to annual income of approximately $34,086 per year.
Defendant continues to reside in the former marital home, and her home is currently valued at approximately $130,000 to $140,000. The second mortgage, which existed at the time of the divorce, has since been paid off. Her first mortgage is approximately $258 per month, but she has been making additional principal payments of $50 per month, and she expects to have the debt paid by the end of the year 2000.
The magistrate found that defendant's claimed $400 per month expense for charitable contributions was not substantiated. The magistrate also found that defendant's total tax liability is approximately $1,126. per month, approximately $100 per month less than listed on her budget. The magistrate found that defendant's current monthly expenses to be approximately $3,500 per month. At the time of the divorce, defendant's monthly expenses required to maintain defendant and her two minor children were approximately $2,900.
The magistrate found that defendant had investments and savings that totaled approximately $413,122. The magistrate further found that defendant used approximately $15,800 from her investments to purchase her automobile, that she has invested a post-decree gift from her father in the amount of $18,000 and that she has been "able to make significant loans to members of her family."
The magistrate issued a decision, filed on January 12, 2000, finding that there had been a change in circumstances. Specifically, the magistrate determined that defendant had a substantial increase in her earnings and that she had accumulated significant assets since the time of the divorce. The magistrate further found that defendant's expenses had not increased "drastically," and that all of the children are now emancipated, resulting in the termination of both parties' support obligations. Thus, the magistrate concluded that, "the payment of spousal support is no longer reasonable or appropriate and that plaintiff's obligation to pay spousal support should be terminated as of the filing of plaintiff's motion."
On January 19, 2000, defendant filed objections to the magistrate's decision. By judgment entry filed May 10, 2000, the trial court adopted the decision of the magistrate.
On appeal, defendant sets forth the following two assignments of error for review:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING AS A MATTER OF LAW THAT A CHANGE OF CIRCUMSTANCES HAD OCCURRED SUCH AS WOULD JUSTIFY THE COURT'S CONSIDERATION OF APPELLEE JOHN F. BIRATH'S MOTION TO MODIFY OR TERMINATE HIS SPOUSAL SUPPORT OBLIGATION.
 2. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT UPON APPLICATION OF OHIO REVISED CODE SECTION 3105.18(C)(1)(a) THROUGH (n) TO THE FACTS OF THIS CASE, SPOUSAL SUPPORT IS NO LONGER REASONABLE AND APPROPRIATE AND, THEREFORE, THAT APPELLEE JOHN F. BIRATH'S SPOUSAL SUPPORT OBLIGATION SHOULD BE TERMINATED.
Under her first assignment of error, defendant contends that the trial court abused its discretion in finding that a change of circumstances had occurred such as to justify the court's consideration of plaintiff's motion to modify or terminate his spousal support.
In McClure v. McClure (June 23, 2000), Lake App. No. 99-L-029, unreported, the court noted that:
 R.C. 3105.18(E) provides that an award of spousal support may be modified if the court determines that the circumstances of either party have changed. The change in circumstances must not have been contemplated at the time of the previous order. Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215
* * *. A change in circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses or medical expenses. R.C. 3105.18(F). Once it has been determined that a change in circumstances has occurred, the trial court must determine whether spousal support is still necessary and, if so, in what amount. Leighner, at 215 * * *. In determining whether the existing order should be modified, the trial court should be guided by all relevant factors, including those set forth in R.C. 3105.18(C). An order regarding a modification of support will not be reversed on appeal absent an abuse of discretion. * * * (Citations omitted.)
In the present case, the magistrate's decision, as adopted by the trial court, cited the following change in circumstances based on the evidence presented:
 * * * Defendant has had a substantial increase in her earnings and she has accumulated significant assets since the time of the divorce. Her expenses, on the other hand, do not appear to have increased drastically. Further, all of the children are now emancipated and both of the parties support obligations toward them have terminated.
Defendant first contends that the post-divorce emancipation of the children and the consequent termination of both parties' financial obligation to the children do not constitute a change of circumstances not contemplated at the time of the spousal support order. We agree with defendant that this was a circumstance contemplated at the time the decree was entered. The court's entry of judgment granting the divorce provided that plaintiff would pay $400 per month in child support until the children reached the age of majority. Further, the entry provided for alimony, separate from the child support, such alimony to be terminated "upon the death of either party or the remarriage of the Defendant." Thus, the language of the entry addresses the fact that, even after the children reach the age of majority, defendant would continue to receive spousal support (assuming that she had not remarried). In the present case, we fail to see how the emancipation of the children was not contemplated at the time of the divorce. See Criner v. Criner (Mar. 18, 1997), Franklin App. No. 96APF06-802, unreported (affirming trial court's decision finding in part that "the emancipation of the parties' children * * * was known to the parties at the time of the divorce").
Defendant also contends that the trial court erred in finding a change of circumstances based on defendant's increase in income. As noted under the facts, at the time of the divorce, defendant earned $17,316 per year as a schoolteacher, while in 1999 her annual income was approximately $34,086. The magistrate concluded that this increase in defendant's income was "substantial." We note, however, defendant's increase in income over this time period averages approximately five percent per annum, an amount that appears less than "substantial" if considered in light of presumed increases in the cost of living. See, e.g., Sharp v.Sharp (Mar. 30, 1995), Franklin App. No. 94APF08-1152, unreported (trial court did not abuse its discretion in declining to modify spousal support award under facts in which wife had received yearly salary increases of between three percent to seven percent).
Further, in the magistrate's decision, the magistrate noted that, in an earlier appeal in this case, this court found the award of spousal support to be reasonable, "although minimal." Here, considering defendant's modest salary ($17,000) and the "minimal" amount of spousal support awarded at the time of the divorce, and in the absence of evidence that a nominal (when viewed over twelve years) salary increase was unanticipated, the facts fail to demonstrate a change in circumstances. We further note that, over the nearly twelve year period during which defendant's annual income increased by approximately $17,000, plaintiff's own income increased by approximately $133,000.
Defendant also contends that the trial court erred in adopting the magistrate's finding that her accumulation of "significant assets since the time of the divorce" constituted a change of circumstances. The magistrate made findings that defendant's "investments and savings currently total approximately $413,122.00."
Defendant asserts that a significant amount of those assets (71%) is comprised of three retirement accounts and some securities that were funded directly and almost exclusively by assets distributed to her at the time of the parties' divorce. Specifically, defendant argues that one of the accounts (a Salomon Smith Barney account), valued at $247,900, was funded from a rollover of defendant's share of plaintiff's retirement funds and an STRS rollover from the school where defendant taught during the marriage, such funds being marital assets awarded to her during the divorce. Defendant argues that another Salomon Smith Barney account, valued at $34,700 was funded with plaintiff's IRA and tax shelters, and certain monetary gifts made to defendant. Defendant also argues that a third account, valued at $21,948.99, was funded from her share of the marital estate and supplemented with a post-divorce contribution of $2,000. Finally, defendant contends that fifty shares of Boeing stock were purchased from the sale of separate assets allocated to her upon the parties' divorce.
Defendant argues that she should not be required to use these retirement funds to maximize her income or to otherwise enhance her present standard of living. In this regard, we note that this court has previously held that, "although a court is to consider the income of the parties from all sources, including property that is divided, a party is not required to sell the marital home or any other asset awarded to that party in order to increase that party's standard of living." Claytor v.Claytor (Feb. 8, 1996), Franklin App. No. 95APF05-671, unreported. See, also, Frye v. Frye (Mar. 31, 1994), Franklin App. No. 93APF09-1218, unreported ("there is no requirement that appellee refinance or sell the marital home or any other asset that she was awarded in order to bring her standard of living to a similar level as to when the parties were married); Fulmer v. Fulmer (May 5, 2000), Trumbull App. No. 98-T-0146, unreported ("Ohio appellate courts have consistently refused to require the party receiving spousal support to invest his or her portion of the marital property division in order to reduce the need for spousal support. * * * Moreover, this Court has held that it is an exercise in speculation to reduce a spousal support obligation on the basis that property divided during the divorce could be invested").
To the extent that defendant has taken marital assets and invested them for retirement, including investments presumably anticipated to produce interest or dividend income, such assets were within the contemplation of the parties at the time of the divorce. Thus, it does not follow that she should "now be penalized for having chosen to save these funds rather than expend them." Federman v. Federman (Dec. 11, 1991), Summit App. No. 15146, unreported. See, e.g., Holzheimer v. Holzheimer (June 30, 2000), Geauga App. No. 99-G-2232, unreported ("This court has consistently held that a spouse is not required to invest his or her liquid portion of the marital property division to reach a reasonable and appropriate level of support * * *. Hence, even though R.C. 3105.18(C)(1) provides that a court may consider the income of the parties `from all sources,' this statutory section has been interpreted by this court to not apply to potential future income from assets derived from a division of marital property that take on a liquid character at the time of division").
The record also indicates that defendant has accumulated other assets since the time of the divorce, including a $18,000 post-decree gift from her father, which has increased her financial position; such assets may be considered in determining whether there has been a change in circumstances warranting either a modification or termination of spousal support. However, in the present case, although the magistrate's decision, as adopted by the trial court, found that defendant "has accumulated significant assets since the time of the divorce," the court did not make any distinction between assets that were awarded to defendant in the division of marital property and other assets accumulated by defendant subsequent to the divorce. The court also did not appear to consider to what extent defendant's retirement accounts,i.e., IRA accounts, etc., were accessible to defendant without incurring tax consequences.
In light of our determination that the magistrate's decision, as adopted by the trial court, erred in finding that the emancipation of the children and defendant's increased salary constituted a change of circumstances, and where the record indicates that some of defendant's increase in assets was reasonably anticipated, we conclude that this matter should be remanded to the trial court to reconsider the issue of whether there has been a change of circumstances. Thus, defendant's first assignment of error is sustained to the extent provided above. Further, based upon our disposition of the first assignment of error, remanding this matter for a new determination of whether there has been a change in circumstances, the issue raised by defendant's second assignment of error is rendered moot.
Accordingly, defendant's first assignment of error is sustained to the extent provided, defendant's second assignment of error is moot, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
BOWMAN, P.J., and LAZARUS, J., concur.