OPINION
On August 20, 1995, the Geauga County Court of Common Pleas granted a divorce to appellant, Raymond E. Wantz, and appellee, Shelby Wantz. The trial court awarded spousal support as follows: "[s]ubject to further order of Court, the Husband shall pay the Wife as and for spousal support, the sum of One Thousand Two Hundred Dollars and No Cents ($1,200.00) per month * * * [.]"
On May 7, 1999, appellee filed a motion to modify spousal support. On August 23, 1999 and September 23, 1999, hearings were held before a magistrate. At the hearing, evidence was presented that, since the time of the divorce, appellee has had both of her feet amputated as the result of diabetes and appellant has gotten a higher paying job. On October 26, 1999, the magistrate found that Mr. Wantz's income and Mrs. Wantz's medical expenses had increased and recommended that Mr. Wantz's spousal support obligation be increased to $1,700 per month. Mr. Wantz filed timely objections to the magistrate's decision, but did not include a transcript of the hearing before the magistrate. On November 16, 1999, the trial court approved the magistrate's decision and ordered that Mr. Wantz's spousal support obligation be increased to $1,700.00 per month.
Mr. Wantz appeals and raises the following assignments of error:
 "[1.] The trial court erred in admitting documents which merely reflect lump sums for medical services where no itemization or certification is provided.
 "[2.] The trial court erred in finding a `change in circumstances sufficient to warrant a modification' of spousal support.
 "[3.] The trial court erred in the amount of increase in spousal support, as the amount of increase was not substantiated by the evidence presented.
 "[4.] The trial court erred in prohibiting appellant from questioning appellee about a previous budget produced to appellant.
 "[5.] The trial court erred in denying appellant's objections to the magistrate's report were [sic] it did not perform an independent review of said objections."
 Although appellant filed objections to the magistrate's decision, he did not file a transcript from the magistrate's hearing with the trial court. Civ.R. 53(E)(3)(b) provides, in pertinent part, as follows: " * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." In accordance with Civ.R. 53, this court has repeatedly held that a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript or affidavit to the trial court. See, City of Willowick v. Gibaldi (Feb. 21, 1997), Lake App. No. 96-L-079, unreported. We are thus limited to reviewing the evidence that was before the trial court during its proceedings. State ex rel. Duncan v. Chippewa Township Trustees (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254. Before the trial court were the magistrate's findings of fact and conclusions of law, the exhibits upon which the magistrate relied, and all of the previous entries on the record.
Appellant's first, third, and fourth assignments of error are without merit due to the lack of a transcript.
In his second assignment of error, appellant asserts that the trial court erred in concluding that a change in circumstances that was sufficient to warrant modification of spousal support had occurred. He argues that, even without a transcript, an application of the law to the facts would not allow the trial court to rule that there was a substantial change in circumstances. Appellant specifically claims that: appellee knew of her diabetes at the time of her divorce, which prevents her from asserting it was a change of circumstances in contemplation of the parties at the time of the spousal support order; appellant's 1995 tax return shows his income at $62,000, which contradicts the trial court's findings that his income was $46,500; and, an increase in income alone does not justify modification of spousal support.
Appellant cites, McClain v. McClain (Sept. 30, 1999), Portage App. No. 98-P-0002, unreported, which provides that a modification of spousal support is appropriate only if there is a substantial change in circumstances. McClain also cites Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140, for the proposition that this court will not disturb the findings of the trial court unless the trial court abused its discretion by adopting the magistrate's recommendation to increase the spousal support award. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 219, 450 N.E.2d 1140.
R.C. 3105.18(E) states that an award of spousal support may be modified if the court determines that the circumstances of either party have changed. Lawler v. Lawler (June 11, 1999), Geauga App. No. 98-G-2141, unreported. R.C. 3105.18(F) states that "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." Id. The change need not be substantial. Id.
Although, appellant's 1995 tax return showed his gross income as $62,000, the worksheet used to calculate his child support obligation, filed that same year, showed his gross income as $46,500. The trial court used the $46,500 figure in 1995 when calculating appellant's child and spousal support obligations. We cannot say that the trial court abused its discretion by now using that same $46,500 figure to calculate a change of circumstances. Thus, his 1998 income of $65,003 was roughly a 40% increase, which we consider substantial.
In the 1995 magistrate's report upon which the trial court relied when issuing the original divorce decree, the magistrate found appellee's expenses to be $1,730. In the instant cause, the trial court ruled that appellee's expenses are $2,977.33, in part because of her increased medical costs. The trial court ruled that, even though appellee knew of her diabetes, the increase in expenses caused by the amputation of both of her feet was not foreseen. The exhibits in the record support the magistrate's findings as to the amount of expenses. Appellant's second assignment of error is without merit.
In his fifth assignment of error, appellant asserts that the trial court erred by overruling his objections without performing an independent review of them.
Even in the absence of a proper transcript or affidavit, a trial court is required to undertake an independent analysis to determine whether the magistrate's decision should be adopted. Wade v. Wade (1996),113 Ohio App.3d 414, 418, 680 N.E.2d 1305. Absent a transcript or appropriate affidavit as provided in Civ.R. 53, a trial court is limited to an examination of the magistrate's conclusions of law and recommendations, in light of the accompanying findings of fact. Id.
Modification of a spousal support award is a three-step process in which the trial court must determine: (1) whether there is a substantial change in the parties' circumstances so as to warrant a modification, (2) whether spousal support is necessary, and (3) if necessary, what amount is reasonable. Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215,515 N.E.2d 625, 627. The trial court addressed each of these factors. Appellant's fifth assignment of error is without merit.
For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is hereby affirmed.
O'NEILL, P.J., CHRISTLEY, J., concur.