DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Harvey L. Schumacher, has appealed from a decision of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his motion for modification of spousal support. This Court reverses and remands.
 I. {¶ 2} Appellant and Appellee, Mary W. Schumacher, were divorced by decree on October 31, 1995. The decree adopted and incorporated a separation agreement entered into by the parties. Pursuant to this agreement, Appellant is obligated to pay three levels of spousal support. Level I provides for a monthly payment of $1,800, and terminates upon Appellee's death, her remarriage, or further order of the court. The trial court retained jurisdiction to modify the amount of Level I support. Level II support provides for a payment of at least $3,000 per month, originally paid through rental payments to Fox Properties, a company formerly owned by Appellee and her brother.[1] The trial court retained jurisdiction to determine the amount of Level II support but not to increase the duration of the obligation. Lastly, Level III support provides for a payment equivalent to the increase in Appellee's monthly mortgage payments attributable to the refinancing of the first and second mortgages on the marital home and the financing of Appellee's attorney fees. This payment is approximately $1,000 per month and remains in effect for the duration of the refinanced mortgages. The trial court retained jurisdiction to modify the amount of the payment but not to increase the duration of the obligation.
 {¶ 3} As security for his spousal support obligations, Appellant agreed to pledge his shares of stock in two business entities, Akron Floors Company ("AFC") and Intec Building Systems, Inc. ("Intec"), and did so through a stock pledge and escrow agreement executed on March 29, 1996. At the hearing on this matter, Appellee's accountant testified that Intec had a net book value of $341,222. AFC ceased doing business in March of 2002 and liquidated all of its assets, leaving its stock with no value.
 {¶ 4} In addition to owning stock in AFC, Appellant was employed by that company. When AFC went out of business in March of 2002, Appellant lost his source of income. Additionally, Appellant became personally liable on a $2,000,000 loan made by Key Bank to AFC. Appellant testified that the current balance of this loan is approximately $1,500,000 to $1,600,000.
 {¶ 5} In August of 2002, Appellant became employed by Intec, where he currently earns an annual gross income of $62,400. This income is significantly lower than what Appellant has been earning in recent years. At the time the spousal support award was made, Appellant earned $126,000 per year. In 1998, Appellant earned over $200,000; in 1999, he earned over $300,000; and in both 2000 and 2001, he earned over $350,000. Appellant did not report the increases in his income after the spousal support award was made, and the award was not increased.
 {¶ 6} On April 22, 2002, Appellant filed a motion to modify spousal support and child support, asserting that he was unable to comply with the existing orders due to substantial adverse business conditions. Appellee filed a motion to enforce the separation agreement on August 15, 2003. The trial court granted Appellant's motion to modify child support and denied his motion to modify spousal support. Additionally, the court granted Appellee's motion to enforce the separation agreement and transferred Appellant's stock in Intec to her.
 {¶ 7} Appellant timely appealed, raising three assignments of error.
 II. Assignment of Error No. 1
"The trial court abused its discretion in denying [appellant's] motion to modify spousal support when it (1) failed to find a substantial change in circumstance in light of [appellant's] involuntary reduction of income and (2) erred as a matter of law in failing to specifically set forth the reasons for its denial [of appellant's motion to modify spousal] support pursuant to the factors contained in R.C. § 3105.18(C)(1)."
 {¶ 8} In Appellant's first assignment of error, he contends that the trial court erred when it denied his motion for modification of spousal support. Specifically, Appellant argues that the trial court erred by finding no substantial change in circumstance and by failing to explain its denial of Appellant's motion in light of the factors provided by R.C. 3105.18(C)(1).
 {¶ 9} A trial court has broad discretion in setting and modifying spousal support awards. Mottice v. Mottice (1997),118 Ohio App.3d 731, 735; Schultz v. Schultz (1996),110 Ohio App.3d 715, 724. Absent an abuse of that discretion, a decision regarding spousal support will not be disturbed on appeal.Schultz, 110 Ohio App.3d at 724. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} In order to modify an existing spousal support award, a trial court must conduct the two-part analysis provided by R.C.3105.18. Leighner v. Leighner (1986),33 Ohio App.3d 214,215. The first step is jurisdictional. R.C. 3105.18(E). In that step, the trial court must make two determinations: (a) whether the divorce decree specifically authorizes the court to modify spousal support, and (b) whether the circumstances of either party have changed. R.C. 3105.18(E); Leighner,33 Ohio App.3d at 215. This Court recently determined that R.C. 3105.18(E) does not require a "substantial" or "drastic" change of circumstances, but only a change that "[has] an effect on the economic status of either party." Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844 at ¶¶ 21 to 23. Additionally, this Court determined that the change of circumstances need not be "reasonably unforeseeable" at the time of the divorce. Id. at ¶ 21, fn.
3.
 {¶ 11} If the trial court concludes that it does have jurisdiction to modify the spousal support award, it must then determine "whether or not the existing order should be modified." (Emphasis omitted.) Leighner, 33 Ohio App.3d at 215. This inquiry requires the court to reevaluate the existing order in light of the changed circumstances. Id. The court should look to the factors provided by R.C. 3105.18(C) in order to conduct this reevaluation. Id.
 {¶ 12} In the instant case, the trial court determined that it had jurisdiction to modify the spousal support award, but concluded that a modification was not warranted. We agree that the trial court had jurisdiction to modify the award, and we find that the court erred by determining that the existing order should not be modified.
 {¶ 13} Included among the factors listed by R.C. 3105.18(C) are the income of the parties and the relative assets and liabilities of the parties. R.C. 3105.18(C)(1)(a) and (i). Appellant's current annual income is less than half of what it was at the time the initial spousal support award was made. Additionally, since that time, he has become personally liable on a $2,000,000 loan. In light of these changed circumstances, we find that the trial court's determination that the spousal support order should not be modified amounts to an abuse of discretion.
 {¶ 14} Appellant's first assignment of error is sustained.
 Assignment of Error No. 2
"The trial court erred as a matter of law [by] failing to excuse [appellant's] obligation on arrears based on accord and satisfaction."
 Assignment of Error No. 3
"The trial court erred as a matter of law by failing to terminate [appellant's] level ii spousal support based on impossibility of performance."
 {¶ 15} In his second and third assignments of error, Appellant raises the contract defenses of accord and satisfaction and impossibility of performance. Appellant did not raise these defenses below. Therefore, this Court will not consider them on appeal. See Belvedere Condominium Unit Owners' Assn. v. R.E.Roark Companies, Inc. (1993), 67 Ohio St.3d 274, 279. Appellant's second and third assignments of error are overruled.
 III. {¶ 16} Appellant's first assignment of error is sustained, and his second and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J., Slaby, J., concur.
[1] At the time of the award, Appellee owned 51% of the shares in Fox Properties and her brother owned the remaining 49% of the shares. The company was sold in November of 2003 for $603,902.00. Appellee's share of the proceeds was $305,799.