[Cite as *Kuhn v. Kuhn*, 2011-Ohio-307.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| GREGORY KUHN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DELOISE KUHN | : | Case No. 10CA86 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                                              Case No. 2008DIV0010



JUDGMENT:                                        Affirmed




DATE OF JUDGMENT ENTRY:          January 26, 2011




APPEARANCES:

For Plaintiff-Appellant                        For Defendant-Appellee

PATRICK HEAGERTY                         THOMAS L. COLE
150 East Mound Street                       76 North Mulberry Street
Suite 301                                            Mansfield, OH  44902
Columbus, OH  43215

*Farmer, J.*

{¶1} On March 10, 2009, appellant, Gregory Kuhn, and appellee, Deloise Kuhn, were granted a divorce, and appellant was ordered to pay appellee $1,300.00 a month for spousal support. A final decree of divorce was filed on May 4, 2009.

{¶2} On December 10, 2009, appellant filed a motion to modify the spousal support order. A hearing was held on May 28, 2010. By judgment entry filed June 4, 2010, the trial court denied the motion.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED WHEN UPHOLDING SPOUSAL SUPPORT IN THE AMOUNT OF $1300.00 TO BE PAID TO THE APPELLEE PER MONTH FOR THE NEXT TEN YEARS."

I

{¶5} Appellant claims the trial court erred in denying his motion to modify spousal support. Specifically, appellant claims the trial court erred in finding no substantial change of circumstances, in failing to adequately evaluate his income at the original divorce hearing, and in finding he hid income in a retirement account. We disagree.

{¶6} The modification of spousal support lies in the trial court's sound discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348. In order to find an abuse of discretion, we must determine the trial court's

decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶7} Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists. *Leighner v. Leighner* (1986), 33 Ohio App.3d 214. "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).

{¶8} R.C. 3105.18 governs spousal support. Subsection (C)(1) states the following:

{¶9} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

{¶10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶11} "(b) The relative earning abilities of the parties;

{¶12} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶13} "(d) The retirement benefits of the parties;

{¶14} "(e) The duration of the marriage;

{¶15}  "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶16}  "(g) The standard of living of the parties established during the marriage;

{¶17}  "(h) The relative extent of education of the parties;

{¶18}  "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶19}  "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶20}  "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶21}  "(l) The tax consequences, for each party, of an award of spousal support;

{¶22}  "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶23}  "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶24}  In its judgment entry filed June 4, 2010, the trial court concluded the following:

{¶25}  "The Court is befuddled to fully understand the trucking business based upon the lack of documentation provided.  It is clear that the hauling business is

rebounding somewhat. Most compelling is the $331,000 proceeds from the sale of real property, admittedly separate property of the Plaintiff, which he chose to invest in a retirement account instead of paying off the truck, the credit card, or other obligations. Invested at 3%, a conservative return, would net $9,980 annually. This is nearly $10,000 more potential income available to him than on the date of the Decree of Divorce. If he had paid off his debts, which the Court can only presume that he is paying more than 3% to service, the income producing capability of those funds would create an even greater yield. Income available to either Party is a proper factor for the Court to consider in determining a proper spousal support award. A Party cannot choose to simply hide the income in a retirement account and then claim poverty to avoid a spousal support obligation already imposed. Yet Plaintiff is attempting to do just that.

{¶26} "The Court, therefore, cannot find sufficient evidence of a substantial change of circumstance not contemplated by the Parties that justifies the Court reducing Plaintiff's obligation to pay Defendant $1,300 per month."

{¶27} In the original award filed March 10, 2009, the trial court evaluated appellant's income from 2006 to 2008 as follows:

{¶28} "In 2006 he had net earnings of $37,414.00. In 2007 those net earnings increased to $48,736.00. In 2008, he ceased operating under a corporate structure. His income in 2008 was $42,517.00. In 2008 Plaintiff paid to Candy Weisenauer $9,321.15 as business expense. In 2009 through February 15 he has paid to Candy Weisenauer $2,250, which annualizes on a monthly basis of about $1,500 per month. In 2008, payments to Candy Weisenauer amounted to $51,658, dramatically increasing

in the later half of the year.  All of this suggests to the Court that the Plaintiff has funneled some portion of his trucking income through Candy Weisenauer and thus his argument that his trucking income is declining is not credible."

{¶29}  In its June 4, 2010 judgment entry, the trial court re-evaluated appellant's income as follows:

{¶30}  "Plaintiff continues to work as an owner/operator of a trucking business that has one (1) truck, which he drives.  He hauls primarily for Mar-Zane Materials.  Their business 2009 is off over 50%.  Herb Harsar, plant manager, testified the Plaintiff is sixth on the list of truckers to be called, on an as-needed basis.  He testified that Plaintiff, in 2009, was only called to work about fourteen (14) days.  This year business appears to be back up, but no testimony was offered as to what that means in terms of loads available for Plaintiff to haul.  At the time of the Divorce, Mar-Zane moved approximately 150,000 tons of aggregate annually.  To date they have orders on the books for 100,000 tons.  The Court can only speculate to what extent additional orders may be available for the Company.

{¶31}  "Plaintiff's 2009 tax return was admitted into evidence.  It shows income of $19,285.  This includes depreciation of $3,433.  Plaintiff's exhibit 2, the transaction detail driving the tax filing, is unsupported by any documentation.  Plaintiff earned minimal income as a temp employee, claiming he was unable to do repetitive factory work, thus limiting his temporary work opportunities.  Defendant has a budget of $3,162, including $700 rent he has not paid in over a year, a truck payment of $1,500 and a minimum credit card payment of $150 on a credit card indebtedness of $28,014.00, mostly incurred since the Decree of Divorce."

**{¶32}** Appellant argues the trial court's findings and decision ignore Mr. Harsar's testimony relative to the sharp decline in the economy in 2009. We note the original award was filed on March 10, 2009. Therefore, the time period to be examined is from March 10, 2009 to May 28, 2010, the date of the hearing.

**{¶33}** Mr. Harsar testified that during 2009, he contracted appellant as an owner-operator for "10 to 15 days***[m]aybe $10,000.00." T. at 9. Mr. Harsar opined the amount of work for the company in 2009 was "50 to 60%, 70% down." T. at 13. The "plant averaged between 150,000 and 200,000 tons – last year I ran 66,000." Id. However, as of May 2010, the month of the hearing, the amount on the books was already 100,000 tons. T. at 13. Mr. Harsar admitted he had no knowledge of what appellant was paid for hauling in 2009 and 2010. T. at 15. He further admitted he had no knowledge of whether appellant was hauling for other parties. T. at 15-16.

**{¶34}** Appellant testified his net income for 2009 was $19,285.00 with gross receipts of $39,302.00. T. at 24. Appellant worked some temporary jobs throughout the winter. T. at 27-28.

**{¶35}** As noted by the trial court, despite appellant's profit gained from the sale of his real property ($331,000.00), he has chosen not to pay off his $28,000.00 credit card bill which he claims he has used to pay his $1,300.00 monthly spousal support obligation to appellee. T. at 29-30, 31, 42-44. Appellant testified the $331,000.00 is in a retirement account through his accountant, but he does not know what account the money is in and has not received any statements. T. at. 44-45. Appellant testified he subsidized his living by paying bills through his company's petty cash. T. at 48-49.

{¶36} We find the trial court's summation of the evidence to be consistent with the testimony given. Appellant was essentially requesting a change in spousal support awarded to appellee after a nineteen year marriage with appellee's gross income being $1,073.75 per month. It is appellant's position that a less than nine months downturn in the economy from the original spousal support award to the filing of the motion to modify merits a reduction in spousal support, despite the clear evidence that during the first five months of 2010, Mr. Harsar testified business was picking up. No evidence was presented to establish that appellant's income from hauling could not again reach the 2006-2008 figures. The substantial change in circumstances from March 10, 2009 to the date of the hearing was appellant realizing $331,000.00 from the sale of his property. See, R.C. 3105.18(C)(1)(a) and (i).

{¶37} We fail to find an abuse of discretion by the trial court. For a trial court to modify spousal support on a nine month apparent temporary downturn in the economy would encourage a revolving door to the courthouse.

{¶38} Upon review, we find the trial court did not abuse its discretion in finding a temporary downturn would negate the original spousal support award based upon the factors in R.C. 3105.18(C).

{¶39} The sole assignment of error is denied.

{¶40} The judgment of the Court of Common Pleas of Richland County, Ohio is

hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Patricia A. Delaney_____


                              JUDGES

SGF/sg 107

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GREGORY KUHN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DELOISE KUHN | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 10CA86 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.  Costs to appellant.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Patricia A. Delaney_____

JUDGES