OPINION JUDGMENT ENTRY
{¶ 1} On September 22, 1990, appellant, Alfred Martinez, and appellee, Kim Martinez, nka Schissel, were married. Two children were born as issue of said marriage, Marisa born February 18, 1991 and Nicolas born August 19, 1993. On March 22, 1999, appellant filed a complaint for divorce. A judgment entry decree of divorce was filed on November 24, 1999. Appellant was ordered to pay spousal support for a five year period, $32,000 the first and second years, then $27,000, $25,000 and finally $20,000. Spousal support commenced on June 11, 2000. Child support was set at $1,600 per month. Pursuant to an agreed entry filed September 5, 2001, child support was reduced to $1,350 per month.
 {¶ 2} On January 23, 2003, appellant was terminated from his employment with Bath Body Works. On March 20, 2003, appellant filed a motion to modify child support, and on April 1, 2003, filed a motion to terminate or modify spousal support. On April 23, 2003, appellant obtained a position with Lane Bryant. Hearings on the motions were held before a magistrate on July 30 and 31, 2003. By decision filed August 26, 2003, the magistrate did not modify child or spousal support for the year 2003, but reduced appellant's child support obligation by $50 for the first six months of 2004. The magistrate also reduced appellant's spousal support obligation to $23,000 per year. Thereafter, child support increased on June 10, 2004 to $1,335 per month and to $1,600 per month on June 10, 2005.
 {¶ 3} Appellant filed objections on September 9, 2003. By judgment entries filed February 18, 2004, the trial court denied the objections, and adopted the magistrate's recommendations.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred by failing to modify/reduce/suspend appellant's child support and spousal support obligations for the period between the filing of appellant's motions and his obtaining new employment."
 II {¶ 6} "The trial court erred by not terminating or modifying appellant's spousal support obligation."
 III {¶ 7} "The trial court erred by failing to order that appellee pay appellant the difference between the amount of the tax benefit appellant lost from appellee's wrongful claiming of the minor children as dependents on her income taxes and the alleged uninsured medical expense reimbursements appellant owed appellee."
 IV {¶ 8} "The trial court erred by including as income for appellant in its support calculations, appellant's nonrecurring income of: his retirement distribution, his vacation benefits, stock options and his sign on bonus."
 I, II {¶ 9} Appellant claims the trial court erred in failing to modify/reduce/suspend his support obligations during the time he filed his motions, March 20, and April 1, 2003, and the time he obtained new employment, April 23, 2003. Appellant also claims the trial court erred in failing to terminate or modify his spousal support obligation. We disagree.
 {¶ 10} The modification of child or spousal support lies in the trial court's sound discretion. Booth v. Booth (1989),44 Ohio St.3d 142; Cherry v. Cherry (1981), 66 Ohio St.2d 348. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 11} Modification of child support is governed by R.C.3119.79(A). Said section provides that if upon recalculation of the amount of child support, the new child support amount deviates from the existing order by at least ten percent, "the deviation * * * shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount."
 {¶ 12} Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists.Leighner v. Leighner (1986), 33 Ohio App.3d 214. "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).
 {¶ 13} In overruling appellant's objection on this issue, the trial court agreed with the magistrate's finding that "any change in the Husband's income and any change in the Wife's income is not substantial enough to modify child support or spousal support for the year 2003." See Ruling on Objections filed February 18, 2004.
 {¶ 14} When the parties were divorced, appellee was earning $32,000 per year and appellant was employed with Bath Body Works earning $125,000 per year, plus stock options and bonuses. Appellant was terminated from this employment on January 23, 2003. Upon his termination, appellant received over $2,000 in stock income and over $2,000 in vacation pay. On April 23, 2003, appellant began new employment with Lane Bryant, earning $120,000 per year. Appellant received a signing bonus of $20,000. Between January and April, appellant received $2,292 in unemployment compensation. At the time of the motion hearings, appellee's income was zero as she had quit her employment to become self-employed. The magistrate imputed income to appellee in the amount of $30,500.08 — $35,093.08.
 {¶ 15} Taking into consideration all the compensation appellant received in 2003, his unemployment for three months did not substantially affect his income. We agree any change in income was not substantial enough to modify appellant's support obligations for the year 2003.
 {¶ 16} As for the termination of spousal support, appellant argues appellee voluntarily quit her employment to seek self-employment and therefore she was no longer entitled to spousal support. Because the magistrate imputed income to appellee in a range which she had been earning, there was no substantial change in circumstances to warrant termination of spousal support. Appellant's spousal support obligation was not increased, but in fact was reduced for the first six months of 2004 (from $25,000 for June 2003 — June 2004 to $23,000 for January 2004 — June 2004).
 {¶ 17} Upon review, we find the trial court did not err in determining appellant's support obligations.
 {¶ 18} Assignments of Error I and II are denied.
 III {¶ 19} Appellant claims the trial court erred in failing to order appellee pay appellant the difference between the amount of tax benefit appellant lost because appellee erroneously claimed the children on her tax return and the uninsured medical expense reimbursements appellant owed appellee. We disagree.
 {¶ 20} Appellant argues he lost $1,995 because appellee wrongfully claimed the children on her tax return for the year 2002. T. at 72. Appellee testified appellant owed her $690 for medical expense reimbursement. T. at 126. Therefore, appellant argues the amounts should have been offset and appellee should have been ordered to pay appellant $1,305.
 {¶ 21} While the magistrate found such an offset was "meritorious," appellant filed an objection claiming the magistrate failed to order appellee to pay appellant $1,305. See, Magistrate's Decision filed August 26, 2003 at ¶ 7. In denying appellant's objection, the trial court found appellant failed to produce his tax return for the year 2002. Without benefit of the tax return, the trial court was unable to determine appellant's loss, if any. While appellant produced some sort of document during the hearing in support of his position (Exhibit 15), the magistrate denied the exhibit because appellee was never given a chance to review it. T. at 72. The magistrate granted appellee's objection to the exhibit, "[s]ubject to your just later bringing in the tax return and filing this all together." Id. Appellant never produced his tax return.
 {¶ 22} Upon review, we find no error by the trial court regarding this issue.
 {¶ 23} Assignment of Error III is denied.
 IV {¶ 24} Appellant claims the trial court erred in including as his income certain nonrecurring income, to wit: a retirement distribution, vacation benefits, stock options and a sign-on bonus. We disagree.
 {¶ 25} Because the trial court determined appellant's support obligations based upon his income for 2004, base salary of $120,000 per year plus possible bonuses, we presume this assignment of error relates to the year 2003. Appellant's motions sought a reduction in his support obligations for the year 2003 due to his unemployment for three months. In considering whether of not there was a substantial change in circumstances, the magistrate needed to compare appellant's income for 2003 to the amount he was earning at the time of the divorce decree. In 2003, appellant received income from Bath Body Works, stock income from Bath Body Works, unused vacation pay, unemployment compensation, Lane Bryant income and a Lane Bryant signing bonus. We find no error in including these amounts in the context of appellant's motions. These amounts equaled $122,797.43, not a substantial change from his Bath Body Works income of $125,000. Consideration of the retirement distribution would have raised appellant's income to $196,332.87, thereby increasing appellant's support obligations. Instead, the trial court reduced appellant's support obligations for the first six months of 2004.
 {¶ 26} Upon review, we find no error by the trial court in determining appellant's income for the year 2003.
 {¶ 27} Assignment of Error IV is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.