OPINION
{¶ 1} The defendant-appellant, Richard A. Fisher ("Richard"), appeals from the April 8, 2005 decision and judgment entry of the Henry County Common Pleas Court resolving various motions filed by Richard and on behalf of the plaintiff-appellee, Cynthia A. Fisher ("Cynthia").
 {¶ 2} Richard and Cynthia were married on July 5, 1985. Richard is an attorney, and throughout the marriage, he was a partner in the law firm of Hanna Fisher, located in Napoleon, Ohio. Two children were born to Richard and Cynthia; Kelli Fisher, d/o/b November 8, 1986, and Jamie Fisher, d/o/b March 5, 1991. Cynthia worked outside the home until Kelli's birth, at which time, she ceased most outside employment with the exception of working as a self-employed consultant. In 1997, Cynthia earned a masters degree from Bowling Green University.
 {¶ 3} The procedural history of this case is long. Cynthia filed a complaint for divorce on February 5, 1998, which became final on July 26, 2001. Since that time, the parties have filed many post judgment motions, the trial court has entered judgment on the motions, and we have decided several appeals. A guardian ad litem was appointed to protect the children's interests, and the court ordered psychological evaluations.
 {¶ 4} The trial court filed its decision and judgment entry on April 8, 2005 to address the following:
1. Richard's motion to modify child support, filed on July 16,2002;
 2. Richard's motion to allocate clothing for school and extracurricularactivities, filed on November 26, 2002;
 3. Cynthia's motion to increase [child] support, filed on February 12,2003;
 4. Richard's motion to decrease spousal support, filed on May 30,2003;
 5. Cynthia's motion to terminate the shared parenting plan, filed onJanuary 23, [2003];
 6. Richard's motion to modify parental rights and responsibilities,request for additional parenting time, and payment of expenses, filed onMarch 3, 2004;
 7. Richard's motion to compel, filed on May 16, 2004;
 8. Richard's contempt motion, filed on May 18, 2004; and
 9. Cynthia's supplemental motion to terminate the shared parentingplan, filed on June 15, 2003.
The trial court also mentioned a Plaintiff's motion for attorney's fees filed on June 15, 2004; however, we have found no such pleading in the record.
 {¶ 5} The trial court held hearings concerning the above mentioned motions on January 30, 2004; May 11, 2004; July 20, 2004; and April 1, 2005. We note that Richard has failed to have transcripts prepared from any of the hearings. As we previously held in this case, the trial court's proceedings are presumed to be without error, and the appellant has the burden of establishing a record to support his assignments of error pursuant to App.R.16(D). Journal Entry, Jun. 8, 2005. Although she does not bear the burden to do so, Cynthia also failed to file hearing transcripts. Because the trial court referenced Plaintiff's Exhibits 15 and 34 in its decision, we presume that attorney's fees were among the issues presented during at least one of the above mentioned hearings. See Decision, Apr. 8, 2005, at 15.
 {¶ 6} In its decision and judgment entry, the trial court ordered Richard to pay the expenses for the guardian ad litem and psychological examinations; a termination of the shared parenting agreement; a retroactive increase in the amount of child support; Cynthia to receive the tax exemption for the children; Richard to continue paying $2,000.00 per month in spousal support to Cynthia; and Richard to pay $15,000.00 in attorney's fees. Richard appeals from the trial court's judgment and asserts the following assignments of error:
The trial's [sic] court's orders requiring Defendant to pay all of thecustody evaluator's fees and all of the guardian ad litem's fees were anabuse of discretion and contrary to law.
 The trial court's modification of the prior shared parenting planconcerning minor child Jamie M. Fisher was contrary to law.
 The trial court's increase of Defendant's child support obligation toPlaintiff effective July 16, 2002, was contrary to law.
 The trial court erred in its calculation of Defendant's monthly childsupport obligation to Plaintiff by failing to consider either Defendant'spayments toward the health related expenses of the children or the incomesof the parties the previous years.
 The trial court's award to Plaintiff of the income tax dependencyexceptions associated with the children was an abuse of discretion andcontrary to law.
 The trial court's decision not to decrease Defendant's spousalsupport obligation to Plaintiff was contrary to law.
 The trial court's award of $15,000.00 to Plaintiff for attorney feeswas contrary to law and an abuse of discretion.
 {¶ 7} At the outset, we note each assignment of error is reviewed for an abuse of discretion. An abuse of discretion is more than an error of law or judgment; rather it shows that the trial court acted arbitrarily, unreasonably, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St. 3d 217, 219, 450 N.E.2d 1140 (citations omitted).
 First Assignment of Error {¶ 8} In his first assignment of error, Richard argues that the trial court erred by requiring him to pay the full cost of the guardian ad litem and psychological examination when other court costs were split equally between the parties. Cynthia argues that the trial court did not err as it has broad discretion to order the fees associated with psychological exams and a guardian ad litem as court costs.
 {¶ 9} The trial court may order an investigation in custody cases, and it has broad discretion in appointing a guardian ad litem and ordering a psychological examination. See Civ.R. 75(D); R.C. § 3109.04(C). Additionally, the trial court has broad discretion to order the costs of the investigation to be included as court costs. Id. See also Fox v.Fox, 3rd Dist. No. 5-03-42, 2004-Ohio-3344, at ¶ 31 (citation omitted).
 {¶ 10} There is no indication that the trial court abused its discretion in ordering Richard to pay the costs of the psychological examinations and guardian ad litem while the parties were ordered to split the other court costs. The trial court noted:
Mr. Fisher requested both the Guardian Ad Litem and the psychological assessment. The Court takes into consideration that Mr. Fisher later asked the Court not to pursue some of these issues, however, the Court finds that it is appropriate for him to pay those expenses and also between these two parties Mr. Fisher has the resources available to him for both the Guardian Ad Litem fees and the fees of Dr. Hustak.
Decision, at 14. The first assignment of error is overruled.
 Second Assignment of Error {¶ 11} In his second assignment of error, Richard argues that the trial court failed to find a change in circumstances as required under R.C. § 3109.04(E)(1)(a) before it modified the shared parenting agreement. Cynthia argues that the shared parenting agreement was terminated rather than modified, and as such, the trial court only needed to consider the best interest of the child under R.C. § 3109.04(E)(2)(c). Therefore, the issue presented is whether a trial court must find a change in circumstances under R.C. § 3109.04(E)(1)(a) before it terminates a shared parenting agreement under R.C. § 3109.04(E)(2)(c).
 {¶ 12} Modifications in shared parenting agreements are governed by R.C. § 3109.04(E)(1)(a), which provides that a trial court must not modify a shared parenting agreement unless it
finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
However, the next sub-section provides, "[i]n addition to a modification authorized under division (E)(1) of this section: . . . [t]he court may terminate a prior final shared parenting decree . . . whenever it determines that shared parenting is not in the best interest of the children." R.C. § 3109.04(E)(2)(c).
 {¶ 13} We first addressed these statutes in Noe v. Noe (3rd Dist. Sept. 30, 1992), No. 9-92-19, 1992 WL 292415. In Noe, we held that R.C. § 3109.04(E)(2)(d) was subordinate to R.C. § 3109.04(E)(1)(a). Although R.C. § 3109.04(E)(2)(c) was R.C. § 3109.04(E)(2)(d) at that time, the content of the former statute is substantially the same as the current version. In a later case dealing with the termination of a shared parenting agreement, we expanded on Noe and noted that the trial court must determine three things when deciding whether modification of custody is appropriate. The threshold determination . . . is whether there has been a change in circumstances. . . . The other two factors that the court must determine before modifying custody are whether modification is in the best interests of the child and whether the harm that will result from the change will outweigh the resultant benefits.
Stout v. Stout, (3rd Dist. Oct. 17, 2001), No. 14-01-10, 2001 WL 1240131, at *4, fn. 12 (citation omitted).
 {¶ 14} We continue to follow our precedent. Although, the trial court did not specifically find a change in circumstances, it substantially complied with the relevant statutes. The facts found by the court indicate a change in circumstances and that the benefits from terminating the shared parenting plan outweigh the harm. See Decision, at 9-11. The trial court noted the deteriorating relationship between Richard and Jamie, Jamie's adjustment to Defiance, Ohio and her school, and how the parties' relationship affects their relationships with Jamie. Id. The court then found termination of the shared parenting agreement to be in the best interest of the child. Id. at 11. Based on this record, we cannot say the trial court abused its discretion in terminating the shared parenting agreement. The second assignment of error is overruled.
 Third Assignment of Error {¶ 15} In his third assignment of error, Richard argues that the trial court's decision to make increased child support retroactive to July 16, 2002 was contrary to law. Richard contends the trial court could only make the increase retroactive to Cynthia's motion to increase child support, filed on February 12, 2003. Cynthia argues the trial court has discretion in making child support modifications retroactive if equity so requires.
 {¶ 16} R.C. § 3119.79(A) allows either an obligor or obligee to request a modification in child support. The trial court, upon finding at least a 10% deviation between the original obligation and the recalculated obligation, "shall modify the amount of child support required to be paid under the child support order to comply with the schedule and applicable worksheet through the line establishing the actual annual obligation[.]" R.C. §§ 3119.79(A); (C). Upon making a modification, the trial court has discretion to make the recalculated child support order retroactive to the date the motion for modification was filed. See Fox, supra at ¶¶ 24-25 (citations omitted). The applicable statute provides:
[a] court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice ofa petition to modify the court support order has been given to each oblige and to the obligor before a final order concerning the petition for modification is entered.
R.C. § 3119.84 (emphasis added).
 {¶ 17} We note that Richard has failed to cite any law in support of his argument. However, we find, in reading R.C. §§ 3119.79 and 3119.84
together, that the trial court did not abuse its discretion in ordering retroactive application of the modification to July 16, 2002. Cynthia was served with a copy of Richard's motion to modify and was on notice that child support might be modified; likewise, by creating and filing the motion himself, Richard was obviously on notice that his child support obligation might be modified.
 {¶ 18} The trial court completed the applicable worksheets, supported its decision to deviate from the child support schedule, and found at least a 10% increase between the original amount of child support and the modified amount of child support. See Decision, at 2-6, Exs.; J. Entry, Apr. 8, 2005, at 2, Exs. We cannot say the trial court abused its discretion based on the statutes, calculations, and findings. Richard was on notice as of July 16, 2002 that child support could be modified, even if his interpretation as to amount differed from that of the trial court. The third assignment of error is overruled. Fourth Assignment of Error
 {¶ 19} In support of his fourth assignment of error, Richard makes two arguments. First, he argues that the trial court failed to consider his in-kind contributions when it deviated from the child support schedule. Second, he argues that the trial court should have averaged the earnings from his law firm as income from overtime pay, bonuses, or commissions in calculating the parties' combined gross income. Cynthia contends that the trial court correctly considered Richard's in-kind contributions when it deviated from the child support schedule. Cynthia also contends that earnings from a law firm are income and should not be considered as overtime pay, bonuses, or commissions.
 {¶ 20} The amount of child support ordered by the trial court pursuant to the basic child support schedule and worksheet is "rebuttably presumed to be the correct amount of child support." R.C. § 3119.03. To calculate child support, the trial court must determine the parents' combined gross income. The parties do not dispute that gross income includes overtime pay, commissions, and bonuses. See R.C. § 3119.01(C)(7). In calculating child support, the trial court may average income over a reasonable number of years; however, it is not required to do so. See R.C. §3119.05(H); Fisher v. Fisher, 3rd Dist. No. 7-01-12, 2002-Ohio-1297, at ¶ 6.
 {¶ 21} Richard has failed to cite any case law indicating that earnings from the practice of law are the same as bonuses, overtime pay, or commissions. Earnings from the practice of law are income, and the trial court may average those earnings over a reasonable number of years. The trial court did not abuse its discretion in using only one year of Richard's earnings to calculate child support.
 {¶ 22} Furthermore, the trial court did not abuse its discretion in considering Richard's in-kind contributions. The court is permitted to deviate from the basic child support schedule if it finds that basic child support would be "unjust or inappropriate, and would not be in the best interest of the child[.]" See R.C. §§ 3119.79(C); 3119.22. In deviating from basic child support, the court must examine the factors found in R.C. § 3119.23, which includes "[s] ignificant in-kind contributions from a parent[.]" R.C. § 3119.23(J) (emphasis added). The court's journal entry must include "the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, . . . its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." R.C. § 3119.22.
 {¶ 23} The trial court relied upon its prior decision filed on December 6, 2002, which detailed the privileged lifestyle these parties have led. The court referenced club memberships, the number of pets, and lessons for the children. See Decision, at 4. The trial court also considered the parties' expenditures on their children and stated:
[t]he Court also advises that it specifically examined O.R.C. 3119.23
in relationship to the evidence presented in the case in taking into consideration the financial resources and earning abilities of the children, the disparity in incomes between these parties and their households, the amount of taxes paid or estimated to be paid by the parents, the in kind contributions of the parents, the financial resources and needs of the parents, and the standard of living of the children and their parents.
Id. at 5 (emphasis added). The court also found
[i]n examining these specific expenses provided, as well as the physical standard of living of the children, it is wholly appropriate and in the best interest of the minor children to determine that these parties would contribute an additional $20,000.00 per year over and above that set forth in the guidelines to the annual child support of their children.
Id. There were numerous exhibits before the court concerning these motions. The trial court did not abuse its discretion in deviating from the basic child support schedule. The fourth assignment of error is overruled.
 Fifth Assignment of Error {¶ 24} In his fifth assignment of error, Richard argues that the trial court failed to mention, let alone consider, the factors found in R.C. §3119.82 concerning tax exemptions for children. Cynthia argues the court was required to award the tax exemption to her as the residential parent, and the court made the proper findings throughout its decision and judgment entry.
 {¶ 25} R.C. § 3119.82 provides in pertinent part:
whenever [a court] modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes . . . If the parties do not agree, the court, in its order, may permit the parent who is not theresidential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and . . . the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.
(emphasis added). In this case, the trial court modified child support and terminated the shared parenting agreement, so it was required to designate which parent would receive the tax exemption. Unless the issue is raised by the parties, the trial court is not required to engage inany analysis under the statute unless it chooses to award the tax exemption to the non-residential parent. See Id. Here there is no record of such proceeding below. The trial court awarded the tax exemption to Cynthia, as the residential parent, and in these circumstances, it was not required to engage in any further analysis. The trial court did not abuse its discretion, and the fifth assignment of error is overruled.
 Sixth Assignment of Error {¶ 26} In his sixth assignment of error, Richard argues that the trial court should have considered R.C. § 3105.18(E) when it modified spousal support, but it instead applied R.C. § 3105.18(C)(1). Richard also argues that the trial court erred in failing to consider Cynthia's need for spousal support, which was the reason spousal support was awarded originally. Cynthia argues that the trial court must find a change in circumstances under R.C. § 3105.18(E) before it may analyze the factors found under R.C. § 3105.18(C). Cynthia argues that the trial court implicitly found a change in circumstances since it did consider the factors in R.C. § 3105.18(C), and the trial court's failure to mention the statute on the record is harmless error.
 {¶ 27} The original decision and order, filed on July 21, 2001, and the final judgment entry, filed on July 26, 2001, ordered Richard to pay $2,000.00 in spousal support over a period of 60 months, or five years. Final J. Entry, Jul. 26, 2001, at ¶ 9; Decision and Order, Jul. 21, 2001, at 37-41. The trial court specifically retained jurisdiction "to modify the amount and/or terms of spousal support." Final J. Entry, at ¶ 9. Richard filed his motion to modify spousal support on May 30, 2003.
 {¶ 28} Modifications to spousal support are governed by R.C. §3105.18(E), which states in pertinent part:
[i]f a continuing order for periodic payments of money as spousal support is entered in a divorce . . . that is determined on or after January 1, 1991, the court that enters the decree of divorce . . . does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: (1) In the case of divorce, the decree . . . contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
Therefore, if there has been a change in circumstances, and the trial court has retained jurisdiction, it must consider the factors found in R.C. §§ 3105.18(C)(1)(a)-(n). See Moss v. Moss, 3rd Dist. No. 1-2000-24, 2000-Ohio-1802. In this case, the trial court overruled and dismissed Richard's motion. See J. Entry, at 2. The trial court apparently made factual findings in accordance with R.C. § 3105.01(C)(1); however, the court noted,
[t]he basic argument of the Defendant . . . is that the original spousal support was based upon need and clearly from the expendituresestablished there is no need for that support to continue.
While need can be a component of a spousal support determination assisting a Court to reach a reasonable and appropriate determination of spousal support, it not the determining factor. Among other factors that must be taken into consideration is the ability of the Obligor to pay that support as well as the factors hereinbefore referenced.
Decision, at 8. Clearly, there was a change in circumstances if need is no longer a factor in determining spousal support for Cynthia. The trial court substantially complied with R.C. § 3105.18(E) and did not abuse its discretion in considering the factors under R.C. § 3105.18(C)(1). The sixth assignment of error is overruled.
 Seventh Assignment of Error {¶ 29} In his seventh assignment of error, Richard contends that the trial court may not award attorney's fees prior to the date they were requested. Richard also argues that the trial court abused its discretion because it only considered Plaintiff's Exhibits 15 and 34 in awarding attorney's fees. Cynthia argues that she requested attorney's fees in her February 12, 2003 motion to increase child support, and as of that date, Richard was on notice of her request.
 {¶ 30} The trial court has discretion to award attorney's fees in domestic relations cases. See R.C. § 3105.73. In proceedings filed after a divorce decree is issued,
the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may
consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.
R.C. § 3105.73(B) (emphasis added). Cynthia first requested attorney's fees in her February 12, 2003 motion to increase child support. The trial court awarded Cynthia $15,000.00 in attorney's fees while noting that Richard had incurred costs by representing himself; the voluminous amounts of motions, responses, and replies filed by the parties; the expense Richard has avoided by representing himself; and the parties' relative earnings. Decision, at 14-15. The trial court also noted, "there are matters contained within these pleadings and orders that prolonged the litigation as a result of acts of Cynthia Fisher, however, it certainly appears to the Court that a substantial portion of the litigation is the result of Richard Fisher[.]" Id. at 15.
 {¶ 31} As previously noted, the parties have failed to file transcripts from any of the hearings. Therefore, the only evidence before us concerning attorney's fees is Plaintiff's Exhibits 15 and 34, which the trial court examined in its decision. Plaintiff's Exhibit 15, as the only evidence of attorney's fees accrued before December 5, 2003, indicates a balance of $2,034.65. Between December 5, 2003 and December 23, 2003, Cynthia was billed an additional $3,920.10. Exhibit 34 reflects attorney's fees of $18,878.65 from December 23, 2003 through March 31, 2005. By the time the trial court filed its judgment entry, Cynthia faced at least $28,433.40 in attorney's fees.
 {¶ 32} Because Richard was on notice of Cynthia's intention to request attorney's fees since February 12, 2003, he cannot complain that he did not receive timely notice. We find no abuse of discretion in the trial court's judgment ordering Richard to pay $15,000.00 of his ex-wife's attorney's fees. The seventh assignment of error is overruled.
 {¶ 33} The judgment of the Henry County Court of Common Pleas is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.