OPINION *Page 2 
{¶ 1} Plaintiff Charles Myers appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which modified the order of spousal support he must pay to his ex-wife, defendant-appellee Zelpha Myers. Appellant assigns a single error:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN APPLYING THE FACTORS OF O.R.C. SECTION 3015.18 (sic) (C)(1) TO THE FACTS AND CIRCUMSTANCES OF THE CASE, AND THEREFORE FAILED TO REACH AN EQUITABLE RESULT WHEN IT MODIFIED THE SPOUSAL SUPPORT."
 {¶ 3} The record indicates the parties were married on October 7, 1992, and divorced on November 14, 2005. Pursuant to the judgment entry and decree of divorce appellant was to pay spousal support to appellee in the amount of $800.00 per month for forty-eight consecutive months, or until appellee remarried or died. The court retained jurisdiction to modify the support order.
 {¶ 4} Both parties appealed the judgment. On December 21, 2005, appellant moved the trial court to modify his spousal support obligation, alleging there had been a substantial change in circumstances, because he had recently been diagnosed with a ruptured disc. Appellant requested the court to terminate the spousal support order because he was unable to work. The trial court refused to consider the motion while the case was pending in the court of appeals. After this court affirmed the judgment of divorce, appellant renewed his prior motion.
 {¶ 5} The trial court's judgment entry of February 12, 2007 recited the evidence presented before it. Appellant's witness, Dr. Gary Carver, testified appellant has significant back disc problems which make it impossible for him to resume his previous *Page 3 
employment, operating excavating equipment. Appellant also testified he had a heart attack after the divorce. Appellant submitted his medical records and a statement of his monthly budget to the court.
 {¶ 6} Appellee also testified she was struggling to remain solvent and could not begin to meet her expenses without help from appellant.
 {¶ 7} The trial court found after a consideration of all the facts and circumstances and a review of the exhibits and the evidence, there was a significant change of circumstances warranting a reduction in the award of spousal support. The court found appellee must have some financial assistance.
 {¶ 8} The court found appellant had sold his excavating equipment to his son for $35,000, to be paid in installments of $550 per month. The court found at the time of the original divorce, the court had anticipated appellant would use this equipment to earn the income he needed to pay his spousal support. The court found considering appellant's health, and the parties' financial needs, it was appropriate to reduce the spousal support award from $800.00 to $550.00 a month, but to extend it from forty-eight months to sixty consecutive months or until appellee dies or remarries. The court again specifically retained jurisdiction over the matter.
 {¶ 9} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see Booth v.Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony orders in Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, Id, at 219. *Page 4 
 {¶ 10} R.C. 3105.18(E) governs modifications of spousal support. A trial court does not have jurisdiction to modify a spousal support order unless there has been a "change of circumstances." The change must be substantial and one not contemplated at the time of the prior order,Tremaine v. Tremaine (1996), 111 Ohio App.3d 703, 706. A change of circumstance includes, but is not limited to, any increase or involuntary decrease in the income or living expenses of the obligee or obligor spouse, R.C. 3105.18(F). If the trial court determines a change in circumstances has occurred, it then must consider whether to modify the existing order, weighing all relevant factors, including those listed in R.C. 3105.18. Leighner v. Leighner (1986), 33 Ohio App.3d 214,215.
 {¶ 11} Appellant urges the trial court abused its discretion in applying R.C. 3105.18 to the facts of this case. The statute provides in pertinent part:
 {¶ 12} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 13} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 14} "(b) The relative earning abilities of the parties;
 {¶ 15} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 16} "(d) The retirement benefits of the parties; *Page 5 
 {¶ 17} "(e) The duration of the marriage;
 {¶ 18} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 19} "(g) The standard of living of the parties established during the marriage;
 {¶ 20} "(h) The relative extent of education of the parties;
 {¶ 21} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 22} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 23} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 24} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 25} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 26} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 27} Appellant urges the court's reduction of the support order was meager, and coincidentally, the new order is the same amount he is to receive from his son in installment payments for the excavation equipment. Appellant argues the court has left *Page 6 
him with virtually nothing, and has placed appellee in a much better financial position than the circumstances in which he is left. Appellant states he has had to liquidate many of the assets he received in the property division in the divorce, while appellee has retained nearly all of what she received.
 {¶ 28} We have reviewed the record before us, and we find the trial court properly applied the factors in R.C. Section 3105.18 to the facts and circumstances of the case. We further find the court did not abuse its discretion in modifying the spousal support award.
 {¶ 29} The assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Delaney, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs to appellant. *Page 1