OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Nazih Dabis ("Nazih") appeals from the December 10, 2007 Judgment Entry of the Court of Common Pleas of Mercer County, Ohio, Domestic Relations Division denying Nazih's motion to modify/and or terminate spousal support and finding him in contempt of court.
 {¶ 2} This matter stems from the divorce of Nazih and Raghda Dabis ("Raghda"). Nazih and Raghda were originally divorced on November 12, 1997. An appeal and cross-appeal were filed from that judgment. This Court reversed and remanded in Dabis v. Dabis (July 9, 1998), 3rd Dist. No. 10-97-17.
 {¶ 3} After the remand, the parties and counsel consented to participate in mediation. The mediation order was documented in the August 21, 1998 Magistrate's Orders of the trial court. Through approximately two years of mediation, Nazih and Raghda were able to reach an agreement. A hearing was held on the agreement on December 18, 2000 and the agreement was journalized in the January 23, 2001 entry of the trial court. Although corrected by a nunc pro tunc entry on March 8, 2001, the agreement of January 23, 2001 has continued in force.
 {¶ 4} On October 25, 2006 Nazih filed a motion to modify and/or terminate spousal support. On March 20, 2007 Raghda filed a motion for contempt, alleging that Nazih had not paid the previous several months of spousal *Page 3 
support. A hearing was held on both issues on June 12, 2007. A magistrate's decision was issued on August 27, 2007 denying the motion to modify and/or terminate support, finding that "Plaintiff has failed to meet his burden of proof," by failing to establish his expenses at the time of the divorce. The magistrate found that without the establishment of a baseline of all expenses, she could not determine if a change of circumstances occurred.
 {¶ 5} The August 27, 2007 decision of the magistrate also found Nazih in contempt of court. The magistrate found that
 Plaintiff has willfully and wantonly failed to pay his spousal support payment since November 2006. Even after receiving a substantial tax refund he did not pay his arrears. He has also circumvented this Court's order with regards to the establishment of a bank account. Defendant is hereby sentenced to 30 days in jail and fined the sum of $100.00. He may purge himself of said acts of contempt by paying all arrearages in spousal support in full within 90 days.
 {¶ 6} Nazih's counsel filed a motion to withdraw as counsel on September 10, 2007. Nazih subsequently filed a pro se objection to the magistrate's decision on October 2, 2007.
 {¶ 7} On November 28, 2007 the trial court affirmed the magistrate's decision denying Nazih's motion to modify/terminate spousal support and affirming the magistrate's contempt finding. The decision of the trial court was formalized in a journal entry dated December 10, 2007.
 {¶ 8} Nazih now appeals asserting two assignments of error. *Page 4 
 ASSIGNMENT OF ERROR I THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION TO MODIFY AND/OR TERMINATE SPOUSAL SUPPORT.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THE APPELLANT IN CONTEMPT.
 {¶ 9} Initially, we note that the Appellate Rules state: "if an appellee fails to file his brief within the time provided by these rules, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App. R. 18(C); State v. Young, 3rd Dist. No. 13-03-52, 2004-Ohio-540. In the instant case Raghda failed to submit a brief to this court. Accordingly, we elect to accept the statement of facts and issues as presented by Nazih, the appellant, as correct pursuant to App. R. 18(C).
 {¶ 10} In his first assignment of error, Nazih argues that the trial court erred in denying his motion to modify/terminate spousal support. The trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. Mottice v.Mottice (1997), 118 Ohio App.3d 731, 735, 693 N.E.2d 1179; Schultz v.Schultz (1996), 110 Ohio App.3d 715, 724, 675 N.E.2d 55. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal.Schultz, 110 Ohio App.3d at 724. See also Bostick v. Bostick, *Page 5 
3rd Dist. No. 1-02-83, 2003-Ohio-5121. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 11} R.C. 3105.18 governs both the initial imposition and the modification of spousal support. With respect to modification, R.C. 3105.18 provides in pertinent part, as follows:
 (E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action . . . that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
 * * *
 (F) For purposes of divisions (D) and (E) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.
 (G) If any person required to pay alimony under an order made *Page 6 or modified by a court on or after December 1, 1986, and before January 1, 1991, or any person required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make alimony or spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt.
 {¶ 12} Determining whether modification of spousal support is appropriate involves a two step test. Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, ¶ 11; Leighner v.Leighner (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. First, the trial court must determine whether the divorce decree contained a provision allowing the trial court to modify the amount of spousal support. Second, the trial court must consider whether a change in circumstances, as defined by R.C. 3105.18(F) has occurred.Kingsolver, 2004-Ohio-3844, ¶ 11.
 {¶ 13} First, we find that the trial court correctly determined that it specifically retained jurisdiction to modify the order of spousal support in the January 23, 2001 entry specifying the terms of the divorce.
 {¶ 14} Next, we focus on the trial court's analysis of whether a change in circumstances occurred. The magistrate found that
 Plaintiff's Motion to Terminate and/or Modify the Spousal Support is not well-taken and the same is hereby denied. The undersigned has no evidence as to the Plaintiff's income at the time of the divorce proceedings. Though Plaintiff would have *Page 7 one believe that he is destitute after earning $168,000 per year, the undersigned finds that it is sufficient income to pay his spousal support. Further, on this $168,000 income he also received a tax refund of $21,000. There was no evidence presented to show what either party's expenses were at the time of the divorce. Their current expenses were listed. Plaintiff has sufficient income to pay spousal support after paying his personal expenses as indicated to this Court. Further, there was testimony that Defendant's expenses have increased since the time of the divorce. Further, neither party presented evidence as to whether or not their medical expenses have increased since the time of the divorce. However, it is clear that both parties are taking prescription medication and have health issues requiring the parties to take daily medication.
 {¶ 15} In reaching its conclusion, overruling Nazih's objections to the magistrate's decision, the trial court found that
 [a] review of the transcript herein demonstrates that there was no showing of what the prior salary, bonuses, living expenses, or medical expenses of the parties were at the time of the establishment of the initial spousal support award. Therefore, Plaintiff has failed to meet his burden of proof.
We find that both the magistrate and the trial court failed to engage in the correct analysis of Nazih's motion to modify/terminate spousal support. It appears from the decisions of the magistrate and the trial court, that neither actually reviewed the evidence to determine if a change in circumstances had occurred. Instead, it appears that the magistrate relied on a lack of information concerning the parties' financial situations at the time of the divorce, as a reason not to engage in the required analysis. The trial court affirmed this finding. *Page 8 
 {¶ 16} Our review of the record reveals that although a complete picture of Nazih's "circumstances" was not presented, either at the time of divorce or with regard to his current financial situation, there is sufficient information on the record concerning Nazih's medical conditions, the recommendations of his physician, as well as the current financial state of his medical practice for the trial court to determine if a change of circumstances occurred.
 {¶ 17} Nazih produced the testimony of James Siefring, his accountant. Siefring testified that in 2007, Nazih would receive less true profit from his medical practice than he had in the previous year. We note that Nazih's practice was structured as a corporation which paid him both a salary and rent. Nazih received rent that his practice pays him for the use of the building in which his practice is located in the amount of $42,000. (Tr.p. 12). However, Siefring also noted that Nazih's medical practice was accruing corporate debt at a much faster rate than it previously had. (Tr.p. 15). Moreover, due to the financial state of Nazih's medical practice, he was not able to cash all of the rent checks or salary checks he received from the corporation.
 {¶ 18} One of the reasons for Nazih's decreased income and increased corporate debt traced to an increase in competition for his medical practice. At the time of the original divorce decree, Nazih was the only pediatrician practicing in the area. Currently, there are three additional pediatricians serving the *Page 9 
community. Moreover, insurance, Medicare, and Medicaid reimbursements have declined over the years. (Tr.p. 16). Copious financial records from 2000-2006 were submitted to the trial court. The agreed upon divorce decree was not journalized until January 2001.
 {¶ 19} Nazih also testified that his health was declining, and that he suffers from atrial fibrillation, which is a chronic case of irregular heartbeat. (Tr.p. 23, Exhibit 1). In 2005, Nazih suffered a heart attack. (Tr.p. 24). When questioned how the irregular heartbeat effects his daily functioning, Nazih stated that it makes him dizzy and fatigued. Additionally, Nazih has suffered a stroke which causes weakness on the left side of his body, and limits the use of his left hand. (Tr.p 34-7). The medical conditions limit his ability to work as many hours as he had previously. Moreover, Nazih's doctors have advised him to go on disability and retire from his practice. (Tr.p. 32). Nazih has already started limiting his practice, discontinuing his practice from one of the area hospitals. (Tr.p. 38).
 {¶ 20} Nazih was also forced to increase certain personal and professional expenses. Because of his illness, the cost of his personal medical insurance has increased, and the deductible on the policy has increased from $500 to $2,500. (Tr.p. 49-50). In the past year, Nazih refinanced his home mortgage in order to lower his payments, and incurred approximately $35,000 of credit card debt. *Page 10 
(Tr.p. 48-49). Nazih stated that his family has been living primarily off the credit cards. (Id.).
 {¶ 21} Finally, Nazih stated that between January of 2007 and the time of the hearings in June 2007, he had received only $6,000 from his practice in income. (Tr.p. 52). Although he was receiving checks as salary, given the financial state of the corporation, he was not able to cash those checks.
 {¶ 22} The magistrate and the trial court specifically disregarded all of the foregoing evidence and instead chose to rule entirely based on whether Nazih had proven his exact expenses at the time of the divorce.
 {¶ 23} We find that the trial court erred when it found that it could not determine if a change in circumstances occurred with respect to Nazih's ability to continue to pay the previously determined amount of spousal support. The trial court must examine any increase or involuntary decrease in the Nazih's wages, salary, bonuses, living expenses, or medical expenses and determine whether a change in circumstances has occurred. R.C. 3105.18. We also note that R.C. 3105.19
does not provide an exhaustive list of what the trial court may consider in determining if a change in circumstances has occurred.
 {¶ 24} Therefore, the trial court had before it sufficient information to determine if a change of circumstances occurred and must make that determination. If the trial court determines that a change of circumstances *Page 11 
occurred, it must then analyze whether the amount of spousal support should be terminated or modified.
 {¶ 25} In this regard, we must note the magistrate's incorrect interpretation of R.C. 3105.18. According to the trial court,
 Ohio Revised Code Section 3105.018(E), (F), and (G) are applicable herein. The undersigned specifically finds that the factors as listed in Ohio Revised Code Section 3105.18(C) are not applicable in modification or termination proceedings. These are the factors that the Court must consider in establishing an initial award. There must be a change in circumstances and a showing of a change of the parties' wages, living expenses, medical expenses, and other relevant information.
 {¶ 26} This is a misstatement of the law. Although the factors articulated in R.C. 3105.18(C) are inapplicable in determining if a change of circumstances occur, they become applicable once the court determines that a change of circumstances has occurred.
 {¶ 27} "[I]f there has been a change in circumstances and the trial court has retained jurisdiction, it must consider the factors found in R.C. §§ 3105.18(C)(1)(a)-(n)." Fisher v. Fisher, 3rd Dist. No. 7-05-03 2005-Ohio-5615. See also Kingsolver, 2004-Ohio-3844, ¶ 12,Karis v. Karis, 9th Dist. No. 2380, 2007-Ohio-759;Myers v. Myers, 5th Dist. No. 2007-CA-0008,2007-Ohio-6875; Rollins v. Harvis, 6th Dist. L-06-1328,2006-Ohio-6132. R.C. 3105.18(C)(1) *Page 12 
provides the following factors to be considered in determining the proper amount of spousal support:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b)The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain *Page 13 appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 28} Accordingly, because the trial court never engaged in the proper analysis of whether a change in circumstances occurred, Nazih's first assignment of error is sustained.
 {¶ 29} In his second assignment of error, Nazih argues that the trial court erred by finding him in contempt for failing to pay his spousal support. A finding of civil contempt requires clear and convincing evidence that the defendant has failed to comply with the prior orders of the court. Stuber v. Stuber, 3rd Dist. No. 1-02-65, 2003-Ohio-1795. "Clear and convincing evidence has been defined as that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Seneca County Gen. Health Dist. v.Black, 3rd Dist. No. 13-06-28, 2007-Ohio-4232, at ¶ 22
citing *Page 14 Ohio State Bar Assn. v. Reid (1999), 85 Ohio St.3d 327, 331,708 N.E.2d 193, 1999-Ohio-374 (citations omitted).
 {¶ 30} We review a civil contempt sentence for an abuse of discretion by the trial court. Faubel v. Faubel, 2nd Dist. Nos. 05-MA-101 and 05-MA-210, 2006-Ohio-4679. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 31} Based on our disposition of the first assignment of error, specifically the trial court's failure to address the change in circumstances, we find that the trial court could not have properly made a determination as to whether or not Nazih was in contempt for failing to pay spousal support as the circumstances, properly determined, might or might not have impacted Nazih's ability to comply with the spousal support order. Accordingly, and for this reason only, Nazih's second assignment of error is sustained.
 {¶ 32} Based on the foregoing, the December 10, 2007 Judgment Entry of the Court of Common Pleas of Mercer County, Ohio, Domestic Relations Division denying Nazih's motion to terminate/modify spousal support and finding Nazih in *Page 15 
contempt of court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and remanded.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1