OPINION *Page 2 
{¶ 1} On November 19, 2007, appellant, Kenneth Hill, and appellee, Tylene Hill, were granted a divorce. Appellant was ordered to pay spousal support in the amount of $800.00 per month and pay child support in the amount of $320.00 per month per child for three children.
 {¶ 2} On December 27, 2007, appellant filed a motion to reduce his spousal and child support due to a reduction in his salary. A hearing was held on May 27, 2008. By judgment entry filed June 6, 2008, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO REDUCE THE APPELLANT'S CHILD SUPPORT AND SPOUSAL SUPPORT IN THIS CASE."
 I {¶ 5} Appellant claims the trial court erred in not reducing his spousal and child support. We agree.
 {¶ 6} The modification of child or spousal support lies in the trial court's sound discretion. Booth v. Booth (1989), 44 Ohio St.3d 142;Cherry v. Cherry (1981), 66 Ohio St.2d 348. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. *Page 3 
 {¶ 7} Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists.Leighner v. Leighner (1986), 33 Ohio App.3d 214. "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).
 {¶ 8} In its judgment entry filed June 6, 2008, the trial court denied appellant's request, stating the following:
 {¶ 9} "The parties' obtained a final decree of divorce on November 19, 2007, following a trial which was concluded before a court magistrate on August 2, 2007. The final decree provided for spousal support to be paid by the Plaintiff to the Defendant in the amount of $800 per month and child support in the amount of $960 per month based upon a deviation. The order of spousal support was based upon a statutory analysis which included the husband's income of $75,000 and the Deft's income of $30,370. The Court retained jurisdiction over the amount and duration of spousal and child support.
 {¶ 10} "The Plaintiff's income has decreased to a base rate of $14.46 from $36.06. The evidence further indicates that the Plt. is also eligible for commission. No evidence was presented as to what the amount of that commission is or what the rate of such commissions is. Accordingly, the court is unable to determine whether the decrease in the Plaintiff's base compensation actually translates into a decrease in his overall compensation which would constitute a change in circumstances."
 {¶ 11} Appellant correctly argues there is no evidence of his commissions or possible commissions in the record. The undisputed evidence established appellant's *Page 4 
income prior to November 2007 was $36.00 per hour and it steadily was reduced to $14.46 by June 2008. T. at 6-8. At the time of the divorce, appellant was earning $75,000.00 per year. T. at 8. At the time of the modification hearing, appellant was earning $37,000.00, with further reductions coming after the modification hearing. T. at 9-10. Appellant testified over the past four months, he had applied for eight to nine other jobs. T. at 14. Appellant admitted "an average" pay for his job ranges from $51,000.00 to $53,000.00, although at times his pay has exceeded these amounts. T. at 15.
 {¶ 12} We acknowledge the trial court's decision was on an issue raised via a motion filed only five weeks after the final decree of divorce, but some four months after the trial. Nevertheless, we find the trial court should have considered the obvious reduction in appellant's hourly rate.
 {¶ 13} Upon review, we reverse the trial court's decision and remand the matter for further consideration on spousal and child support.
 {¶ 14} The sole assignment of error is granted. *Page 5 
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby reversed.
 Farmer, P.J. Gwin, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1